IN THE UNITED STATES DISTRICT COURT FOR

THE MIDDLE DISTRICT OF FLORIDA
Orlando Division

ANGELA HOULIHAN,
    Plaintiff,

Case No.: 6:14-cv-42-ORL-18-KRS

vs.

CACH LLC.
    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant CACH LLC's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter "FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.* (hereinafter "FCCPA"); these laws prevent debt collectors and "persons" from, *inter alia*, engaging in abusive, deceptive, harassing, and unfair collection practices.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, 1367, and Fla. Stat. § 559.77(1).

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**PARTIES**

4. Plaintiff, ANGELA HOULIHAN (hereinafter "Plaintiff"), is an individual who is domiciled in the county of Brevard, state of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2), and is also a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant, CACH LLC (hereinafter "Defendant" or "CACH"), is a for profit limited liability company, incorporated under the laws of the state of Colorado, with its principal place of business located at 4340 S. Monaco Street, 2nd Floor, Denver Colorado, 80237.

6. Defendant uses instrumentalities of interstate commerce, and the mails. Further, Defendant received assignment of this debt after Plaintiff had allegedly defaulted to the original creditor. Lastly, Defendant's business activities in Florida involve collecting or attempting to collect consumer debt from debtors located in Florida by means of interstate communication originating from outside of Florida.

7. Defendant is a "debt collector" within the meaning of FDCPA.

8. Defendant is a "creditor" within the meaning of FCCPA, Fla. Stat. § 559.55(6).

9. Defendant in the regular course of its business, the principal purpose of which is the collection of debts, regularly purchases delinquent debts that are in default at the time of purchase.

## FACTUAL ALLEGATIONS

1. Plaintiff, Angela Houlihan was the subject of collection efforts by Defendant through its employees, agents and/or authorized agents concerning a debt, defined under the meaning and purview of the FDCPA and FCCPA beginning approximately August 7, 2013 by Defendant.

2. Plaintiff entered in into an agreement with MBNA America, NA. regarding the account sued upon.

3. Defendant through its employees, agents or representatives was attempting to collect on a defaulted consumer debt, originally owed to MBNA America, NA. (hereinafter "original creditor") and allegedly assigned to Defendant, CACH. (hereinafter "disputed debt") from Plaintiff arising from a personal credit card which Plaintiff used to purchase items for personal use, including but not limited to clothing, food, gasoline and household items.

4. At the time of purchase of the disputed debt from original creditor by CACH, the disputed debt was in default.

5. On or about August 7, 2013, Defendant filed a lawsuit against Plaintiff through its employees, agents and/or representatives attempting to collect on the disputed debt against Plaintiff in the county court in and for Brevard County, Florida, captioned CACH LLC v. Angela

Houlihan, and bearing the case number 13 SC-035458-009073 ("the lawsuit") for account stated and unjust enrichment.

6. Plaintiff entered in into an agreement with MBNA America, NA. regarding the account sued upon.

7. Defendant knew that Plaintiff and original creditor had an express agreement for the debt sued upon in its lawsuit.

8. Prior to the filing the lawsuit, Defendant failed to provide Plaintiff with a notice of assignment of the disputed debt within 30 days of the alleged assignment pursuant to Florida Statutes § 559.715 prior to the institution of the lawsuit.

9. Defendant failed to comply with the FCCPA.

10. Defendant's failure to comply with the FCCPA prohibited it from initiating legal action in the state of Florida.

11. Despite Defendant's failure to comply with the FCCPA, Defendant proceeded with its debt collection activities when it filed a lawsuit, Defendant attempted to collect a balance due and owing from Plaintiff in its lawsuit.

12. At the time of the filing of the Complaint, Defendant did not have standing to file the lawsuit.

13. In its Complaint, Defendant alleged that an unknown party, FIA Card Services, NA transferred title of the disputed debt to Defendant.

14. On December 12, 2013 Plaintiff sent Defendant written notification that she was represented by an attorney.

15. In her letter, Plaintiff advised Defendant to send all correspondence directly to Plaintiff's counsel.

16. At all times relevant, Defendant attempted to collect on the disputed debt that Defendant knew was not legitimate.

17. At all times relevant, Defendant contacted Plaintiff directly despite knowing that Plaintiff was represented by counsel.

18. At all times relevant Defendant asserted the existence of a claim to collect on the disputed debt when Defendant knew that it did not have a right to file under the claim in a lawsuit against Plaintiff as there was an expressed agreement for the account sued upon.

19. At all times relevant Defendant asserted the existence of a legal right to collect on a claim of unjust enrichment on the disputed debt when Defendant knew that it did not have a

3

right to file a claim for unjust enrichment under the lawsuit against Plaintiff as Defendant did not have standing to file the lawsuit.

20. Defendant knew that it did not provide Plaintiff with a Notice of Assignment therefore Defendant knew the required conditions precedent were not performed prior to filing the lawsuit and that it was prohibited from filing the lawsuit against Plaintiff.

21. Defendant violated consumer protection laws when it engaged in collection activity against consumers in this state without first providing a Notice of Assignment within 30 days of assignment of the disputed debt.

22. Defendant's aforementioned actions were unfair and unconscionable.

23. All acts or omissions of the employees, agents or representatives of Defendants were performed within the scope of their respective employment and/or agency.

24. As a result of Defendant and its employees, agents or authorized representative's acts or omissions, Plaintiff suffered actual damages in the form of cost of attorney fees to defend against Defendant's illegal attempts to collect on the disputed debt.

## Count I
## Violations of the Federal Fair Debt Collection Practices Act

25. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 38

26. The foregoing acts and omissions of Defendant and its employees, agents and/or authorized representatives constitute numerous and several violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692f generally, 1692f(1), 1692g(a) and 15 USC 1692e(2)(A) and 1692(e)(2)

27. As a result of the above violations of the FDCPA, Plaintiff is entitled to recovery for actual damages, statutory damages, and attorney's fees and costs.

## Count II
## Violations of the Florida Consumer Collection Practices Act

28. Plaintiff realleges and incorporates Paragraphs 1 through 24 as if fully set forth herein.

29. Defendant is a "creditor" within the meaning of FCCPA, Fla. Stat. § 559.55(6).

30. In connection with the subject debt, Defendant engaged in illegal collection practices as are more particularly described below:

a. Attempting to enforce a debt when Defendant knew that the disputed debt was not legitimate and asserting the existence of a legal right when Defendant knew that the right did not exist in violation of Fla. Stat. § 559.72(9);

b. by communicating with client directly in violation Fla. Stat. § 559.72(18) and

c. By filing a lawsuit against Plaintiff in which it was prohibited from initiating in the state of Florida pursuant to Fla. Stat 559.715, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. § 559.72(7)

31. As a direct and proximate result of the conduct and acts of the Defendant, Plaintiff has suffered injuries, damages, and harm. Defendant is liable to Plaintiff for the full amount of statutory damages for each violation of $1,000.00, actual, and punitive damages, along with the attorney's fees and the costs of litigation.

## DEMAND FOR JURY TRIAL

44. Plaintiff demands trial by jury on all issues so triable.

## CLAIMS FOR RELIEF REGARDING ALL COUNTS

WHEREFORE, Plaintiff ANGELA HOULIHAN seeks judgment in his favor and damages against the Defendant, based on the following requested relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o and Florida Statutes 559.77(2);

e. An order directing that Defendants to compensate ANGELA HOULIHAN for the humiliation caused by the Defendant's unlawful treatment in an amount to be determined at trial;

f. Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

/s/ Christine Hansley
_____
Christine S. Hansley, Esq. (FBN: 732151)
C.S. HANSLEY LAW FIRM, LLC.
3585 Murrell Road
Rockledge, Florida 32955
Tel: 407-215-7583    Fax: 407-567-7630
Cshlaw4u@aol.com